# IN THE COURT OF APPEALS OF IOWA

No. 15-0461
Filed May 25, 2016

**TIMOTHY EDWARD WEST,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J.

Dryer, Judge.

An applicant appeals the district court's denial of his application for

postconviction relief. **AFFIRMED.**

Drew H. Kouris, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Alexandra Link

(until withdrawal), Assistant Attorneys General, for appellee State.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Timothy West was convicted of third-degree sexual abuse in April 2009. After his direct appeal was dismissed as frivolous, he filed this application for postconviction relief (PCR), challenging the sufficiency of the evidence against him and asserting counsel was ineffective in a number of ways, including advising him not to testify at trial. The district court denied the PCR application, finding the evidence was sufficient to support the conviction and counsel was not ineffective. Specifically, the PCR court concluded West was just speculating at PCR that the "road not taken" at trial (i.e., him testifying as to what occurred between him and the victim) would have led to a different result. We agree with the district court's resolution of this claim.

Now on appeal, West reframes this claim by asserting his attorney was ineffective for not insisting the criminal trial court conduct a colloquy with West to ensure his decision not to testify was knowing, voluntary, and intelligent. He also claims appellate counsel was ineffective in failing to identify this issue on direct appeal. These claims were not made before the PCR court, and we thus consider them not preserved for our review.[1] *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we

---

[1] Even if we were to consider the issue preserved, we would still reject the argument. West recognizes it is the law in Iowa that the trial court has "no duty to determine on the record that the defendant has made a voluntary, knowing, and intelligent waiver of the right to testify at trial." *See State v. Reynolds*, 670 N.W.2d 405, 411 (Iowa 2003). He asks this court to reconsider this holding in light of other jurisdictions that require a court to conduct such a colloquy with the defendant. The supreme court declined such an invitation in *Reynolds*, 670 N.W.2d at 412–13, and "[w]e are not at liberty to overrule controlling supreme court precedent." *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

will decide them on appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002))).

We affirm the district court's denial of West's PCR application.

**AFFIRMED.**